United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02 – 60506
SUMMARY CALENDAR

———————————————

JOSE ALEJANDRO ORDONEZ TUMAX

Petitioner

v.

JOHN ASHCROFT, U.S. ATTORNEY GENERAL

Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70-687-319

_____

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

      In this appeal we review the Board of Immigration Appeals' (hereinafter, "BIA") decision

denying Petitioner, Jose Alejandro Ordonez Tumax (hereinafter, "Tumax"), asylum and

withholding of removal.  For the following reasons, we affirm the BIA's decision and deny the

petition for review.

_____

      [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

I.

FACTUAL AND PROCEDURAL BACKGROUND

Tumax is a native of Guatemala who entered the United States in September 1990. In 1997, the Immigration and Naturalization Service charged Tumax with being present in the United States without having been admitted or paroled after inspection. Tumax conceded that he was subject to removal, but applied for relief in the form of political asylum, withholding of removal, and voluntary departure.

At his hearing before the immigration judge, Tumax testified that he left Guatemala because local guerilla soldiers were pressuring him to join their group, and that when Tumax refused to join, he was followed and threatened. Tumax tried to avoid the guerillas by moving to his uncle's house in another city, but the guerillas found him and again threatened him with his life if he refused to join their group. Tumax was never physically harmed though.

Believing that the guerillas intended to harm him, Tumax decided to leave Guatemala for the United States. He traveled through Mexico, but did not seek asylum in that country. Tumax reached the United States and began working to support himself. He testified that he did not apply for political asylum in the United States when he arrived because he did not feel it was important.

The immigration judge determined that Tumax had not proved past persecution and that he did not have a reasonable fear of future persecution. Thus, the judge ruled that Tumax had not established grounds for granting asylum, and Tumax had not met the higher burden required to establish eligibility for withholding removal. The immigration judge did grant Tumax's request for voluntary departure. Tumax appealed the immigration judge's decision to the BIA. The BIA

upheld the judge's decision, citing a change in the political climate of Guatemala.  The BIA found

no evidence that Tumax would be threatened by the guerillas in the future.  The BIA dismissed

Tumax's appeal and gave Tumax thirty days to leave the United States.  This appeal timely

followed.

## II.

## STANDARD OF REVIEW

We review the BIA's legal conclusions de novo and their findings of fact are reviewed for

substantial evidence.  *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).  The findings

of fact are accepted unless the evidence is so compelling that no reasonable fact finder could fail

to find otherwise. *Id*.  While this court normally reviews only the BIA's decision, we also consider

the immigration judge's decision to the extent that it influenced the BIA.  *Mikhael v. I.N.S.*, 115

F.3d 299, 302 (5th Cir. 1997).

## III.

## ASYLUM AND WITHHOLDING OF REMOVAL

Refugees are granted asylum if they can establish past persecution or a reasonable fear of

future persecution based upon race, religion, nationality, membership in a particular social group,

or political opinion.  *Lopez-Gomez*, 263 F.3d at 444-45.  While Tumax concedes that he did not

suffer past persecution, he contends that the BIA erred in finding that he had no reasonable fear of

future persecution.  To establish a reasonable fear of persecution, Tumax had to show that a

reasonable person in the same circumstances would fear persecution if removed to his country of

origin.  *Mikhael*, 115 F.3d at 304.

The immigration judge found that the government of Guatemala has entered into a peace

accord with the local guerillas. The guerilla movement has disbanded and thus, there is no reasonable possibility that Tumax would be pressured into joining the group. The BIA's determination that Tumax did not face a reasonable fear of future persecution is supported by substantial evidence.

Tumax also argues that the immigration judge erred by failing to address Tumax's membership in an ethnic group of Guatemalan Indians who face persecution by the army. Tumax contends that this error was a result of the court translator replacing the word "indigenous" with the word "indigents." However, this error is immaterial because Tumax has not claimed that he was threatened by the army or that the guerillas harassed him because of his ethnicity.

Finally, Tumax argues that there is substantial evidence supporting his request for withholding of removal. However, the standard for withholding of removal is more stringent than the standard for granting asylum. *Mikhael*, 115 F.3d at 306. Tumax must show that a clear probability exists that he will be persecuted if he is removed. *Id*. Tumax failed to make the required showing for asylum, thus he is not eligible for withholding of removal. *Id*.

## IV.

## CONCLUSION

For the foregoing reasons, we affirm the BIA's decision and deny Tumax's petition for review.